**In the Matter of COUNTRY LAD FOODS, INC., Bankrupt.**

**Marion B. STOKES, Trustee, Appellant,**

v.

**FIRST GEORGIA BANK, Appellee.**

No. 74–2374

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 6, 1974.

Edwin G. Russell, Jr., Atlanta, Ga., for appellant.

Ezra H. Cohen, Mack O. Butler, Jr., Atlanta, Ga., for appellee.

Before COLEMAN, DYER and GEE, Circuit Judges.

PER CURIAM:

This is an appeal from the judgment of the district court affirming the holding of the Bankruptcy Court that the First Georgia Bank's security interest was not voidable by the Trustee under section 70(e) of the Bankruptcy Act. We affirm.

The First Georgia Bank had a perfected security interest in the Bankrupt's personal property and trade fixtures. The Bankruptcy Court authorized the Trustee to sell the personal property and fixtures free and clear, and all liens were to attach to the proceeds. It was further ordered that each party asserting a claim of right, title or interest in the property was to file a complete statement of his claim, and that each claim not thus filed might be considered by the court to have been waived. After allowance of the prior se-

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc., v. Citizens Casualty Co. of N. Y. et al., 5th Cir. 1970, 431 F.2d 409, Part I.

cured claims, $44,312.79 remained in the estate, all of which was claimed by the Bank.

Bankrupt's lessor had filed an unsecured proof of claim in the amount of $17,954.69 for unpaid rent and ad valorem tax, but it did not make any claim to the property of the Bankrupt and did not respond to the court's order requiring all claims to the property to be filed. The Trustee, nonetheless, concluded that since there was no unequivocal waiver under Ga.Code Ann. § 109A–9–313(3),[1] the Trustee could invoke the landlord's rights through section 70(e) of the Bankruptcy Act, 11 U.S.C.A. § 110(e), to render the Bank's security interest void.

The Bankruptcy Court held that the Bank's security interest in the trade fixtures of the Bankrupt was not voidable under section 70(e) of the Act, finding *inter alia* that the lessor had not asserted a claim to the fixtures. The district court affirmed.

We deem it unnecessary to construe the provisions of the lease, or to construe the Georgia statute relied on by the Trustee, *supra,* or Ga.Code Ann. § 61–110, relied on by the court below.[2] We are content to rest our decision on the failure of the landlord to assert any claim it may have had in the fixtures after it had been placed on notice to do so by the Bankruptcy Court. Such failure compels the conclusion that the landlord waived its claim, and having done so the Trustee cannot assert it.

Affirmed.

---

1. The statute provides:

A security interest which attaches to goods after they become fixtures is valid against all persons subsequently acquiring interests in the real estate except as stated in subsection (4) but is invalid against any person with an interest in the real estate at the time the security interest attaches to the goods who has not in writing consented to the security interest or disclaimed an interest in the goods as fixtures.

2. Ga.Code.Ann. § 61–110, provides:

A tenant during the term or a continuation thereof, or while he is in possession under the landlord, may remove trade fixtures erected by him. After the term and possession are ended, they are regarded as abandoned to the use of the landlord and become the latter's property.